**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: VEHICLE TRACKING AND SECURITY SYSTEM ('844) PATENT LITIGATION | MDL NO. 11-2249 |

| | |
|---|---|
| PJC LOGISTICS, LLC,<br><br>                  Plaintiff,<br><br>vs.<br><br>AAA COOPER TRANSPORTATION, INC.; ALLIED AUTOMOTIVE GROUP, INC.; ALLIED HOLDINGS, INC.; ARMELLINI EXPRESS LINES, INC.; ARNOLD TRANSPORTATION SERVICES, INC.; BOYD BROS. TRANSPORTATION, INC.; BYNUM TRANSPORT; CANNON EXPRESS, INC.; THE COCA-COLA COMPANY; COMCAR INDUSTRIES, INC.; CYPRESS TRUCK LINES, INC.; EAGLE MOTOR LINES, LLC; FLORIDA ROCK AND TANK LINES, INC.; INDIAN RIVER TRANSPORT CO.; JACKSON TRUCKING COMPANY, INC.; KENNESAW TRANSPORTATION, INC.; LANDSTAR SYSTEM, INC.; MCI EXPRESS, INC.; MCKENZIE TANK LINES, INC.; QUALITY DISTRIBUTION, INC.; RYDER SYSTEM, INC.; SAIA MOTOR FREIGHT LINE, LLC; SOUTHERN CAL TRANSPORT, INC.; THE SUDDATH COMPANIES; TRUCKS, INC.; and UNITED PARCEL SERVICE, INC. (UPS),<br><br>                  Defendants. | Case No. 0:11-cv-02550-DWF-SER<br><br>(Transferred from Middle District of Florida, Civil Action No. 3:11-cv-00301-UAMH-TEM)<br><br>**PLAINTIFF PJC LOGISTICS, LLC'S REPLY TO COUNTERCLAIM OF DEFENDANT SAIA MOTOR FREIGHT LINE, LLC** |

Plaintiff PJC Logistics, LLC ("PJC"), by and through its counsel, hereby submits this Reply in response to the Answer, Affirmative and Other Defenses, and Counterclaim of Saia Motor Freight Line, LLC ("Saia").

1

### Nature of the Action

1. This Counterclaim seeks a judgment declaring that the claims of U.S. Patent No. 5,223,844 (the "844 Patent") are invalid, unenforceable and/or not infringed by Saia.

**ANSWER:** PJC admits that Saia's Counterclaim purports to seek a declaratory judgment that the '844 Patent is invalid, unenforceable and/or not infringed by Saia.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction over this Counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,* under 28 U.S.C. §§ 1331 and 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* Counterclaim-Defendant is subject to this Court's jurisdiction because it has purposefully availed itself of the laws of the State of Florida at least by commencing this civil lawsuit against Said in the United States District Court for the Middle District of Florida. Although venue lies in the United States District Court for the Middle District of Florida under 28 §§ 1400(b) and 1391, Saia notes that on September 6, 2011 the United States Judicial Panel on Multidistrict Litigation issued a Transfer Order in MDL No. 2249, ordering, pursuant to 28 U.S.C. § 1407, that this action and others pending outside of the United States District Court for the District of Minnesota be transferred to that district and, with the consent of that court, assigned to the Honorable Donovan W. Frank, for coordinated or consolidated pretrial proceedings.

**ANSWER:** PJC admits that this Court has subject matter jurisdiction over Saia's Counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,* under 28 U.S.C. §§ 1331 and 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. PJC admits that the United States Judicial Panel on Multidistrict Litigation transferred this action to this district and that PJC is subject to this Court's jurisdiction for this action only.

## The Parties

3. Saia is a limited liability company organized and existing under the laws of the State of Louisiana with its principal place of business located at 11465 Johns Creek Parkway, Suite 400, Johns Creek, GA 30097.

**ANSWER:** Admitted.

4. Upon information and belief, PJC Logistics, LLC is a Texas limited liability company with its principal place of business located at 777 Enterprise Drive, Hewitt, Texas 76643.

**ANSWER:** Admitted.

## Acts Giving Rise to the Counterclaims

5. On March 29, 2011, Counterclaim-Defendant commenced a civil lawsuit against Saia alleging that Saia has infringed, contributed to the infringement of, and induced the infringement of one or more of the claims of the '844 Patent.

**ANSWER:** Admitted.

6. By such actions, Counterclaim-Defendant created an actual and justiciable case and controversy between Counterclaim-Defendant and Saia concerning whether the claims of the '844 Patent are valid and/or enforceable, as well as whether Saia is infringing any valid and/or enforceable claim of the '844 Patent.

**ANSWER:** PJC admits that there is an actual controversy between Saia and PJC as to infringement of the '844 Patent.

7. Saia has not infringed, contributed to the infringement of, and/or induced the infringement of, and is not infringing, contributing to the infringement of, and/or inducing the infringement of, any claims of the '844 Patent.

**ANSWER:** Denied.

## COUNTERCLAIM COUNT I
### Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 5,223,844
### (28 U.S.C. §§ 2201 and 2202)

8.   Saia incorporates by reference each and every allegation set forth in Paragraphs 1 through 7 of this Counterclaim as if fully set forth and restated herein.

**ANSWER:**   PJC incorporates by reference its responses to Paragraphs 1 through 7 of this Reply as though fully set forth herein.

9.   Upon information and belief, the claims of the '844 Patent are invalid and void for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100, *et. seq.* including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**   Denied.

10.   By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the application that matured into the '844 Patent and, in particular, the applicants' and/or their representative(s) and/or agents' remarks, representations, concessions, amendments and/or admissions during those proceedings, Counterclaim-Defendant is precluded and estopped from asserting that Saia has infringed any of the claims of the '844 Patent.

**ANSWER:**   Denied.

11.   Should any claim of the '844 Patent no, <u>arguendo</u>, be held invalid and/or void, it is so restricted in scope that Saia has not infringed, and does not infringe, whether directly, contributorily, and/or by inducement, that claim.

**ANSWER:**   Denied.

### PRAYER FOR RELIEF

PJC denies that Saia is entitled to any of the relief sought against PJC in Saia's Counterclaims.

WHEREFORE, in addition to the relief requested in its Complaint, Plaintiff PJC respectfully prays that this Court:

A. Dismiss Saia's Counterclaims in their entirety with prejudice with respect to PJC, with Saia taking nothing thereby;

B. Deny all of Saia's Counterclaims against PJC;

C. Award PJC its costs and attorneys' fees incurred in defending against these Counterclaims; and

D. Award PJC any and all further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: October 25, 2011

*/s/ Steven R. Daniels*
Steven R. Daniels
(*Admitted Pro Hac Vice*)
Texas State Bar No. 24025318
Farney Daniels LLP
800 S. Austin Ave., Suite 200
Georgetown, TX  78626
Telephone: (512) 582-2828
Facsimile: (512) 582-2829
E-mail: sdaniels@farneydaniels.com

**Attorneys for Plaintiff**
**PJC Logistics, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing PLAINTIFF PJC LOGISTICS, LLC's REPLY TO COUNTERCLAIMS OF DEFENDANT SAIA MOTOR FREIGHT LINE, LLC was served upon the counsel of record by electronically filing the document with the Clerk of the Court through the Electronic Filing System on the 25th day of October, 2011.

> */s/ Steven R. Daniels*
> Steven R. Daniels